35 F.3d 555
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robinson O. EVERETT, Individually and as Executor of the
Estate of Katherine R. Everett, deceased; J.H.
Froelich, Jr., Plaintiffs-Appellants,
and
James Thrash, Plaintiff,
v.
CONTINENTAL BANK N.A., Defendant-Appellee.
 No. 94-1250.
 United States Court of Appeals, Fourth Circuit.
 Argued July 19, 1994.
Decided Sept. 14, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Hiram H. Ward, Senior District Judge. (CA-92-629)
 Robinson Oscar Everett, Everett & Everett, Durham, N.C., for appellants.
 Howard J. Roin, Mayer, Brown & Platt, Chicago, Ill., for appellee.
 On Brief: Kurt Seeber, Everett & Everett, Durham, N.C., for appellants.
 Andrew S. Marovitz, Mayer, Brown & Platt, Chicago, Ill.; Walter Rand, III, Arthur S. Vreeland, Carruthers & Roth, P.A., Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The question in this case is whether the plaintiffs' claims are barred on res judicata grounds. Because we conclude that the plaintiffs have already had these claims resolved in prior judicial proceedings, we affirm the district court's dismissal of plaintiffs' suit.
 
 I.
 
 2
 The controversy before us represents the latest round of litigation between the two parties involved. In 1984, Continental Bank loaned $4.2 million to Guilford Telecasters, a North Carolina corporation. The loan was guaranteed by the plaintiffs in this case, all of whom were principals of Guilford. Guilford defaulted on its obligation in 1986 and filed for bankruptcy. Continental then turned to the guarantors for satisfaction on its loan.
 
 
 3
 The guarantors, however, did not pay off the entire loan, and Continental brought suit against them in Illinois federal court in March 1990. The Illinois suit resulted in a summary judgment in favor of the Bank for the sum owed. The Bank then sought, and received, permission from the Illinois federal court to register its judgment in the Middle and Eastern Districts of North Carolina, where the judgment debtors resided. Although Continental also recorded the judgment with the clerks of the county courts where the guarantors resided, it began collection efforts against the guarantors only in the federal district court for the Middle District of North Carolina.
 
 
 4
 These efforts were not uncontested. In December 1991, the guarantors filed a motion asking that the North Carolina federal district court refuse to recognize the Bank's judgment. The motion explained that Continental did not properly register its judgment under N.C.G.S. Sec. 1C-1703 which requires a party to file an affidavit demonstrating that its judgment was final. Magistrate Judge Eliason rejected this claim, explaining that Continental was "proceeding pursuant to 28 U.S.C. Sec. 1963 which does not require such an affidavit."
 
 
 5
 The debtors, however, believed that they had already overpaid on the outstanding debt and continued to resist Continental's collection efforts.* In April 1992, Guilford brought suit against Continental seeking the recovery of a claimed overpayment on its obligations. At approximately the same time, the parties to this case found themselves back before Magistrate Judge Eliason for additional proceedings on the propriety of allowing Continental to execute its judgment. In his order on the matter, the magistrate again rejected the guarantors' arguments challenging the judgment itself, stating that, "the Court rejects defendants' claim that Continental is not entitled to execution on the judgment because the judgment is not final or because it is otherwise not properly registered." However, because the debtors were continuing to argue that they had already overpaid on their obligation, the magistrate offered the debtors an opportunity to seek Rule 60(b) relief in Illinois federal court.
 
 
 6
 The Illinois court declined to offer the guarantors any relief. It stated that the guarantors could not "have it both ways" by seeking Rule 60(b) relief on the grounds that the judgment had been satisfied at the same time Guilford was suing Continental in North Carolina federal court to recover funds it had already paid the Bank. The court therefore refused to grant relief until after the conclusion of the North Carolina suit brought by Guilford.
 
 
 7
 That suit ended in November 1992 with a judgment against Guilford. The district court there found that Guilford had received ample opportunity to litigate the issue of how much it owed the Bank during its bankruptcy proceeding, and therefore dismissed the suit on res judicata grounds. No appeal of this decision was initiated, and it is now a final judgment.
 
 
 8
 The guarantors then filed the instant suit in North Carolina federal district court. The complaint alleged that the Bank abused state debt collection process, committed defamation leading to unfair trade practices, and inflicted emotional distress on the plaintiffs. Specifically, the plaintiffs claimed that the Bank improperly registered the Illinois judgment in North Carolina and defamed their credit by failing to mark the judgment to indicate the debt payments already made. The Bank responded that the claims against it should be dismissed for failure to state a claim and on res judicata grounds.
 
 
 9
 The district court granted the Bank's motion to dismiss in January 1994. Plaintiffs now appeal.
 
 II.
 
 10
 Plaintiffs contend that the district court erred in dismissing their suit. They argue that they have never had a hearing on the issues presented here. Specifically, plaintiffs contend that the question of whether Continental has harmed them by refusing to follow applicable state law requirements has never been litigated and that no court has ever ruled on that question. According to plaintiffs, these state law violations include failure to file the required affidavits demonstrating that the judgment was final and failure to mark the judgment to show the payments already made on the outstanding debt. Plaintiffs conclude that the district court's reliance on the principles of res judicata is unfounded.
 
 
 11
 We cannot agree. The district court carefully analyzed the claims before it as well as the history of the litigation between these two parties, in reaching its judgment. The court first explained that the question of whether Continental had violated state law registration requirements had been fully aired before Magistrate Judge Eliason in April 1992. Indeed, as the opinion that resulted from the hearing before Magistrate Eliason indicated, much the same issue had already been litigated in December 1991. Nonetheless, the magistrate's ruling once again addressed plaintiffs' concerns on the merits and concluded that Continental's judgment was properly registered. On the basis of this ruling, the district court below concluded that "the issue plaintiffs raise has been determined in a proceeding where they had an opportunity for a full and fair hearing." The court therefore barred plaintiffs' claim that Continental had violated state law requirements in the process of registering its judgment.
 
 
 12
 The district court similarly concluded that the Bank did not err in refusing to mark its judgment against the guarantors as partially satisfied. The court explained that this issue had already been carefully examined by the Illinois court in its Rule 60(b) decision. That ruling plainly held that plaintiffs had no right to seek credit on the judgment until after the conclusion of the Guilford suit. Furthermore, the district court here noted that Continental acted entirely appropriately once the Guilford suit did, in fact, become final; the court explained that Continental marked the payments on the judgment against the guarantors in a timely manner. For this reason, the court concluded that the guarantors had no claim against the Bank on the issue of marking the judgment.
 
 
 13
 The district court finally decided that the guarantors' unfair trade practices and emotional distress claims were without merit. In addition, the claims were purely derivative of those discussed above. The court held that because the guarantors could not demonstrate that Continental had acted inappropriately in any way, it had no basis for an unfair trade practices or emotional distress claim.
 
 
 14
 After our own careful examination of the record, we see no reason to disturb the holding of the district court in any respect. Its judgment dismissing plaintiffs' action with prejudice is hereby
 
 
 15
 AFFIRMED.
 
 
 
 *
 The loan collection efforts were undoubtedly complicated by the numerous actors involved. At the same time the debtors were resisting Continental's collection efforts, Continental was embroiled in Guilford's bankruptcy reorganization proceedings. In September 1991, Guilford paid Continental $1.5 million on its debt and by April 1992 Continental was apparently still owed only $70,000 in default interest on the debt